UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| HRH CONSTRUCTION LLC, *et al.*, | Case No. 09-_____( ) |
| Debtors. | (Joint Administration Pending) |

-------------------------------------------------------x

### AFFIDAVIT OF KEVIN KANE PURSUANT TO LOCAL RULE 1007-2 IN SUPPORT OF FIRST-DAY MOTIONS AND APPLICATIONS

| | | |
|---|---|---|
| STATE OF NEW YORK | ) | **ss:** |
| COUNTY OF WESTCHESTER | ) | |

Kevin Kane, being duly sworn, hereby deposes and says:

1.     I am the Chief Financial Officer ("CFO") of HRH Construction LLC ("HRH") and its affiliated debtor, HRH Construction of New Jersey LLC (collectively, the "Debtors"). Each of the Debtors commenced cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on the date hereof (the "Petition Date"). In my capacity as CFO, I am familiar with the day-to-day operations, business, and financial affairs of the Debtors.

2.     I submit this Affidavit pursuant to Rule 1007-2 of the Local Bankruptcy Rules of the Southern District of New York (the "Local Rules") to assist the Court and other parties in interest in understanding the circumstances that compelled the commencement of these chapter 11 cases and in support of the first-day motions and applications filed contemporaneously herewith.

3.      Except as otherwise indicated, all facts set forth in this Affidavit are based upon my personal knowledge, my discussions with other members of the Debtors' senior management, my review of the relevant documents, or my opinion based upon experience, knowledge, and information concerning the Debtors' operations and financial affairs. If called upon to testify, I would testify competently to the facts set forth in this Affidavit. I am authorized to submit this Affidavit on behalf of the Debtors.

4.      This Affidavit is intended to provide a summary overview of the Debtors' businesses and these chapter 11 cases. Parts I through IV of this Affidavit provide an overview of Debtors' business, organizational structure, capital structure, events giving rise to the commencement of these chapter 11 cases, and the Debtors' financial outlook. Section V provides a summary of the motions and applications that the Debtors seek to be heard on an expedited basis immediately following the commencement of these cases (the "First Day Motions"). Section VI the lists the schedules of information required by Local Rule 1007-2.

## I.    THE DEBTORS' BUSINESS

5.      The Debtors provide general construction, construction management and general contractor services on projects encompassing out-of ground construction, as well as renovations and restorations. The Debtors' principal office is located in White Plains, New York.

6.      As of December 31, 2007, the Debtors' audited consolidated assets totaled approximately $95.1 million and recorded consolidated liabilities totaled approximately $106.1 million. Consolidated revenues for the twelve months ended

2

December 31, 2007, were approximately $352.6 million. As of December 31, 2008, the Debtors' unaudited consolidated assets totaled approximately $50.2 million and recorded consolidated liabilities totaled approximately $60.6 million. Consolidated revenues for the twelve months ended December 31, 2008 were approximately $193.3 million.

7.     Most of the Debtors' assets take the form of accounts receivable, many of which are disputed. To the extent the Debtors are ultimately successful in recovering these disputed claims, most of the recoveries will be due to the Debtors' subcontractors pursuant to Article 3A of the New York Lien Law. Of the $47.6 million in the book value of the Debtors' assets, subcontractors are entitled to $27 million in accounts payable under Article 3A of the New York Lien Law.

8.     Approximately $8.3 million of the Debtors' assets are comprised of restricted cash in connection with an insurance agreement with AIG. The Debtors and AIG entered into an agreement whereby the Debtors would provide their clients with insurance coverage for an entire construction project. Under that program, instead of each contractor and subcontractor maintaining their own separate insurance policies (each with their own subrogation clauses) the Debtors, through their arrangement with AIG, were able to offer clients a single package of insurance for an entire construction project. Pursuant to this agreement, the Debtors placed reserves into an account maintained by AIG for the benefit of the Debtors. The reserve account is utilized to pay the Debtors' insurance deductible for any claims made against the insurance policy.

## II.    THE DEBTORS

9.     HRH, is a privately held Delaware limited liability company. Its

wholly-owned subsidiary, HRH Construction of New Jersey LLC, is a non-operating New Jersey limited liability company.

10.    The Debtors maintain their corporate offices in White Plains, New York and currently employ 45 full-time salaried employees.

### III.    DEBT STRUCTURE

11.    The instruments evidencing the Debtors' loan indebtedness are described below.  In addition, the Debtors have unsecured debt totaling approximately $37 million.

12.    HRH is indebted under certain promissory notes to Remus HRH LLC ("Remus") which has provided loans to HRH, the proceeds of which have been used in the operation of HRH's business to fund general working capital requirements.  As of June 30, 2009, HRH was obligated in the aggregate amount of $9,966,254 under the promissory notes.  All obligations outstanding under the promissory notes are secured by liens on the assets of HRH.  The promissory notes are payable on demand.

13.    Pursuant to a Security Agreement, dated as of October 20, 2004 (the "Security Agreement"), HRH granted Remus first priority liens on, and security interests in, HRH's assets, including, among other things, all accounts receivable and proceeds and products of the foregoing.

### IV.    EVENTS LEADING TO THE CHAPTER 11 CASES

14.    The filing of these chapter 11 petitions were primarily engendered by a severe liquidity crisis that is attributable to a host of factors.

4

HF 5284600v.3 #11818/0000

15. While operating under construction management contracts, the company directs and is responsible for the work of subcontractors, which perform the actual construction. Accordingly, much of the cash that the Debtors are paid is ultimately disbursed to subcontractors and other vendors and suppliers, with the Debtors retaining only a small portion. On average, the Debtors' profits are approximately 2% to 3% of revenues.

16. The ongoing credit crisis and the generally poor environment of contracting and construction have caused banks around the world to tighten credit and reduce availability of funds to the Debtors' suppliers. The rapid onset of instability in the financial and credit markets in mid-2008 resulted in the postponements of certain projects which the Debtors had secured since 2007. The tightening credit climate caused owners of projects to delay moving forward with these projects. The impact of these delays was severe to due to the magnitude of the delays that resulted in the significant lost revenue sales that were anticipated. This loss of revenue deepened in late 2008 and has continued into 2009, and has created a worsening cash shortage for the Debtors.

17. As of the Petition Date, the Debtors are owed approximately $36 million in receivables, the bulk of which are earmarked for payment to the Debtors' subcontractors. Of $36 million amount in receivables, $27 million passes through to subcontractors on the affected jobs.

18. The Debtors are also faced with financial pressure resulting from the entry of a judgment (the "Judgment") against, *inter alia*, HRH in favor of the

5

Metropolitan Transportation Authority (the "MTA") in the amount of $6,552,557.43, entered in the Supreme Court, New York County on November 24, 2008.

19.    The dispute with the MTA arose over payments allegedly due and owing under a Construction Management Agreement entered into between the MTA and HRH Construction Interiors, Inc., a subsidiary of HRH Construction Corp., the assets of which were purchased by HRH. The MTA obtained an order confirming an arbitration award issued on March 6, 2007, in an arbitration entitled *In the Matter of the Arbitration between HRH Construction Interiors, Inc., and Metropolitan Transportation Authority, and HRH Construction, LLC,* and awarding the MTA judgment thereon, on the grounds that HRH was an alter-ego and successor to HRH Construction Interiors, Inc.

20.    The entry of the arbitration award constituted an "event of default" under the Security Agreement with Remus. Following the award in favor of the MTA, on March 8, 2007, Remus, the company's lender, declared an "event of default" under the Security Agreement and made demand on the promissory notes.

21.    After entry of the Judgment, on or about June 9, 2009, the MTA served restraining notices upon banks at which HRH maintains bank accounts containing, among other things, trust assets with regard to construction projects from which, absent such restraints, HRH would make payment to third parties, including subcontractors who have worked on projects for HRH. The MTA has also served restraining notices upon other parties with whom HRH has or had construction contracts and whom are indebted to HRH and have not paid HRH any monies since the service of such restraining notices.

HF 5284600v.3 #11818/0000

22.    As a result of all of the foregoing, the decrease in cash receipts from project owners, tightening credit terms by suppliers and vendors, the resulting liquidity problems, and finally the entry of the Judgment and the MTA's efforts to enforce the Judgment, the Debtors determined that chapter 11 was necessary and appropriate. The Debtors' chapter 11 cases will provide the necessary protection while the Debtors seek to reorganize their businesses.

23.    The Debtors are hopeful that during the initial stages of these chapter 11 cases it will be able to confirm a plan which will allow continued operations.

24.    The Debtors operate a cash-intensive business. To enable ongoing operations, the Debtors have obtained a commitment to continue the use of Remus's cash collateral. These funds will serve as a key resource during the administration of these chapter 11 cases while the Debtors reorganize their existing business. In addition, the Debtors are currently in discussions with Remus with regard to debtor-in-possession financing. Although the Debtors project sufficient cash receipts to operate their business on cash collateral in the short term, their financial projections indicate that they will require a debtor-in-possession loan facility soon thereafter.

## IV.    THE FIRST DAY MOTIONS

25.    Contemporaneously with the filing of their petitions, the Debtors have filed the following First Day Motions, which are scheduled to be heard by the Court on September 8, 2009, at 3:00 p.m.

- Motion for Joint Administration: The Debtors seek to have their chapter 11 cases jointly administered. Joint administration of the cases will avoid the preparation, replication, service, and filing, as

applicable, of duplicative notices, applications, and orders in each of the Debtor cases, thereby saving the Debtors' estates considerable expense and resources. The relief requested will not adversely affect creditors' rights as this Application requests only administrative, and not substantive, consolidation of the Debtors' estates

- <u>Application for Extension of Time to Filed Schedules and Statements of Financial Affairs</u>: The Debtors seek an additional fifteen (15) days to file their schedules and statements of financial affairs. Due to the complexity and diversity of the operations, the Debtors anticipate that they will be unable to complete their Schedules in the fifteen days provided under Bankruptcy Rule 1007(c). To prepare their Schedules, the Debtors must compile information from books, records, and documents relating to hundreds of claims, assets, and contracts. This information is voluminous and is located in numerous places throughout the Debtors' organization. Collecting the necessary information requires that the Debtors and their employees expend an enormous amount of time and effort

- <u>Application for Use of Cash Collateral</u>: The Debtors seek authorization to use the cash collateral on which the Debtors' pre-petition secured lender, Remus, has liens and a security interest. Remus has consented to the use of the cash collateral. To provide adequate protection against the diminution in the value of Remus's collateral, the Debtors have proposed to grant Remus replacement liens in the collateral and to pay Remus the Debtors' debt service obligation under the pre-petition loan from Remus. The Debtors anticipate that this motion will be shortly followed by a separate motion for the approval of a debtor-in-possession loan facility which will enable the Debtors to continue with the operation of their businesses.

- <u>Application to Lift Pre-Bankruptcy Retraining Orders Against the Debtors</u>: The Debtors seek entry of an order prohibiting certain parties which are indebted to the Debtors (the "Project Owners") from withholding payments owed to the Debtors for services rendered by the Debtors on the basis of certain restraining notices issued by the MTA in respect of the Judgment, which were served upon the Project Owners pre-Petition Date.

- <u>Application for Authorization to Pay Pre-Petition Wages</u>: The Debtors seek authorization to pay the pre-petition wages and benefits of the Debtors' employees. The Debtors seek authorization to pay $204,877.69 in accrued pre-petition compensation obligations; $10,838.51 in the Debtors' pre-petition

HF 5284600v.3 #11818/0000

payroll tax obligations; $48,667.88 in accrued, pre-petition employee benefit plan obligations; $38,834.81 in workers' compensation claims; $5,421.10 in current benefits owing to Employee Benefit Fund for Local 79 as well as $729,750.31[1] in arrearages; and $10,268.35 in designated payments, including, for example, payments to 401(k) plans.

- **Motion for Authorization to Pay Workers' Compensation Program and Other Insurance Program Obligations:** In connection with the operation of their businesses, the Debtors maintain certain workers' compensation programs and various liability and other insurance programs and policies (collectively, the "Insurance Programs") through several different insurance carriers. The Debtors seek authority to (i) continue their Insurance Programs uninterrupted; (ii) pay, in the Debtors' discretion, the undisputed prepetition obligations thereunder; and (iii) modify the automatic stay solely and for the limited purpose of permitting employees with claims under the Workers' Compensation Program to proceed with their claims in accordance with such program in the appropriate judicial or administrative forum.

## VI.    INFORMATION REQUIRED BY LOCAL RULE 1007-2

26.    Local Rule 1007-2 requires certain information related to Debtors, which is set forth below.

27.    The information required by Local Rule 1007-2(a)(1) is set forth in Parts I and V above.

28.    In response to the information requested in Local Rule 1007-2(a)(3), to the best of my knowledge, no committee has been organized prior to the Petition Date.

29.    Pursuant to Local Rule 1007-2(a)(4), Schedule 1 hereto lists the following information with respect to each of the holders of the Debtors' 50 largest

---

[1] The Debtors seek only authorization to pay the arrearages owing to the Employee Benefit Fund for Local 79, as the Debtors do not anticipate having the ability to pay such amounts in the early stages of their bankruptcy cases.

HF 5284600v.3 #11818/0000

unsecured claims on a consolidated basis, excluding claims of insiders: the creditor's name, address, and telephone number; the name(s) of person(s) familiar with the Debtors' accounts, the amount of the claim, and an indication of whether the claim is contingent, unliquidated, disputed or partially secured.

30.    Pursuant to Local Rule 1007-2(a)(5), Schedule 2 hereto provides the following information with respect to the Debtors' secured creditor, on a consolidated basis: the creditor's name, address (including the number, street, apartment or suite number, and zip code, if not included in the post office address), and telephone number; the amount of the claim; a brief description of the collateral securing the claim; an estimate of the value of the collateral and whether the claim or lien is disputed.

31.    Pursuant to Local Rule 1007-2(a)(6), Schedule 3 provides a summary of the Debtors' assets and liabilities.

32.    In response to the information requested in Local Rule 1007-2(a)(7), the Debtors do not have any publicly held stock, debentures or other securities.

33.    Pursuant to Local Rule 1007(2(a)(8), Schedule 4 hereto provides a list of all of the Debtors' property in the possession or custody of any custodian, public officer, mortgagee, pledge, assignee of rents, secured creditors, or agent for any such entity, giving the name, address, and telephone number of such entity and the location of the court in which any proceeding relating thereto is pending.

HF 5284600v.3 #11818/0000

34.    Pursuant to Local Rule 1007-2(a)(9), Schedule 5 hereto provides a list of the premises owned, leased or held under other arrangement from which the Debtors operate their businesses.

35.    Pursuant to Local Rule 1007-2(a)(10), Schedule 6 hereto provides the location of the Debtors' substantial assets, the location of their books and records, and the nature, location and value of any assets held by the Debtors outside the territorial limits of the United States.

36.    Pursuant to Local Rule 1007-2(a)(11), Schedule 7 hereto provides a list of the nature and present status of each action or proceeding, pending or threatened, against the Debtors or their property.

37.    Pursuant to Local Rule 1007-2(a)(12), Schedule 8 hereto provides a list of the nature and present status of each action or proceeding, pending or threatened, against the Debtors or their property.

38.    Pursuant to Local Rule 1007-2(b)(1)-(2)(A), Schedule 9 hereto provides the estimated amount of weekly payroll to the Debtors' employees (not including officers, directors and stockholders) and the estimated amount to be paid to officers, stockholder, directors and financial and business consultants retained by the Debtors, for the thirty (30) day period following the filing of the Debtors' chapter 11 petitions.

39.    Pursuant to Local Rule 1007-2(b)(3), Schedule 10 hereto provides for the thirty (30) day period following the filing of the chapter 11 petitions, a list of

11

estimated cash receipts and disbursements, net cash gain or loss, and obligations and receivables expected to accrue that remain unpaid, other than professional fees.

HF 5284600v.3 #11818/0000

40.     The foregoing is true to the best of my knowledge, information and

belief.

HRH CONSTRUCTION LLC and HRH
CONSTRUCTION OF NEW JERSEY LLC

Debtors and Debtors in Possession

By:  ___/s/ Kevin Kane_____
          Kevin Kane,
          Chief Financial Officer


Sworn to and subscribed before me, a notary public for the State of New
York, County of New York, this 7th day of September, 2009.


___/s/ Seth F. Kornbluth_____
          Notary Public

HF 5284600v.3 #11818/0000

**Schedule 1**

**List of Creditors Holding 50 Largest Unsecured Claims**

Pursuant to Local Bankruptcy Rule 1007-2(a)(4), the following is a list of those creditors holding the 50 largest unsecured claims against the Debtors, on a consolidated basis.  This list has been prepared from the books and records of the Debtors, and in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure in connection with the filing of the Debtors' chapter 11 petitions.  This list does not include (a) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, (b) secured creditors unless the value of the collateral is less than the total amount of such creditor's claim or (c) claims held by any of the Debtors' employees.

The information set forth on this Schedule shall not constitute an admission of liability by, nor is binding on, the Debtors, and the failure to list a claim as contingent, disputed or subject to set-off shall not be a waiver of any of the Debtors' rights related hereto.

**[SEE FOLLOWING PAGE]**

| Vendor Name | Amount Due | Fax Number | Email Address | Creditor Type |
|---|---|---|---|---|
| Metropoliation Transporation Authority | $6,551,903.00 | | | Judgement Debtor |
| Component Assembly Systems, In | $4,543,407.00 | 914-738-5934 | | Sub-Contractor |
| Fresh Meadows Mechanical | $3,186,974.88 | 718-358-9507 | | Sub-Contractor |
| National Interiors Inc. | $1,333,605.88 | 914-478-9199 | | Sub-Contractor |
| L & L Painting Co., Inc. | $1,246,793.00 | | | Sub-Contractor |
| P. C. RICHARD & SONS | $1,134,260.00 | 631-843-4389 | | Sub-Contractor |
| Antamex (US) Inc. | $1,005,802.00 | 905-669-4402 | | Sub-Contractor |
| Atlantic Hoisting&Scaffolding | $789,455.75 | 718-628-1067 | | Sub-Contractor |
| Northside Structures Inc. | $745,475.73 | 718-727-5580 | | Sub-Contractor |
| Mason Tenders District | $735,171.41 | 212-452-9729 | | UNIONS |
| MILLER DRUCK SPECIALTY | $650,346.40 | 212-343-3301 | | Sub-Contractor |
| ALMAR PLUMBING & HEATING CORP. | $641,728.00 | | | Sub-Contractor |
| Fujitec New York | $592,068.42 | 973-365-4015 | | Sub-Contractor |
| JEM ARCHITECTURALS, INC. | $565,151.10 | 718-324-0574 | | Sub-Contractor |
| Kelco Const. Inc. | $510,153.00 | 631-462-3524 | | Sub-Contractor |
| SAGE ELECTRICAL CONTRACTING | $487,077.04 | 718-370-0373 | | Sub-Contractor |
| MONSTER WORLDWIDE | $483,631.49 | | kevin.farrell@monster.com | Vendor-Landlord |
| Wasserman Grubin & Rogers, LLP | $472,839.07 | 212-956-5255 | | Vendor |
| JEROME ALUMINUM PRODUCTS | $460,083.00 | 516-277-8787 | | Sub-Contractor |
| Bulthaup Corporation | $428,581.00 | | | Sub-Contractor |
| PATROL & GUARD ENTERPRISES, | $398,537.14 | 718-706-1660 | | Vendor |
| GLOBAL PRECAST DIV. OF PRECA | $372,614.00 | 905-832-4388 | | Sub-Contractor |
| SKYLINE STEEL CORP. | $371,487.00 | 718-417-3797 | | Sub-Contractor |
| Coastal Electric Construction | $321,093.84 | 631-289-3257 | | Sub-Contractor |
| MARTIN ASSOCIATES, INC. | $280,479.00 | 516-248-1567 | | Sub-Contractor |
| NEW TOWN CORPORATION | $278,553.00 | 914-663-2313 | | Sub-Contractor |
| Ronald T. Vass Corp. | $276,508.51 | 718-956-3351 | | Sub-Contractor |
| Madison Piping LLC | $267,985.14 | 718-292-7763 | | Sub-Contractor |
| Budget Installment Corp. | $265,887.96 | 877-678-2235 | | Vendor |
| CHUBB Insurance | $257,000.00 | | | Vendor |
| Intricate Construction | $252,263.00 | 914-769-6265 | | Sub-Contractor |
| URBAN FOUNDATION/ENGINEER | $245,350.00 | 718-397-1917 | | Sub-Contractor |
| Milad Contracting Corp. | $244,833.50 | 718-458-7068 | | Sub-Contractor |
| WOLKOW-BRAKER ROOFING | $243,265.00 | 718-387-4931 | | Sub-Contractor |
| Andrews Kurth LLP | $229,758.55 | 212-850-2929 | | Vendor |
| MENSCH MILL & LUMBER CORP. | $208,375.00 | 718 321-0072 | | Sub-Contractor |
| Bayside Concrete | $199,929.49 | 201-656-9007 | | Sub-Contractor |
| DANIELLO CARTING CO. | $197,571.04 | | | Vendor |
| SPECTRUM KITCHENS | $194,136.00 | 516-496-2930 | | Sub-Contractor |
| Metrotech Contracting Corp. | $179,549.00 | 914-699-7262 | | Sub-Contractor |
| H & H WOODWORKING, INC. | $178,331.00 | 914-476-0732 | | Sub-Contractor |
| JANTILE, INC. | $177,802.00 | 718-655-5454 | | Sub-Contractor |
| 4Digital Corporation | $170,091.17 | 212-677-6478 | | Vendor |
| JDC COVER COAT CORP. | $166,613.20 | | | Sub-Contractor |
| S & C PRODUCTS CORP. | $162,032.00 | 684-1790 | | Sub-Contractor |
| AIR FLEX CORP. | $146,505.02 | 631-752-1309 | | Sub-Contractor |
| RTV & T.J. Mechanical Group | $144,700.30 | 718-472-9435 | | Sub-Contractor |
| Winsafe Corp. | $137,269.00 | 905-474-9341 | | Sub-Contractor |
| Mainco Elevator&Electrical Cor | $135,874.00 | 718-361-6185 | | Sub-Contractor |
| MacMunnis, Inc | $133,292.03 | | | Vendor |

## Schedule 2

### List of Largest Secured Creditors

Pursuant to Local Bankruptcy Rule 1007-2(a)(5), the creditors holding secured claims against the Debtors are listed below. This list has been prepared from the books and records of the Debtors, and in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure, in connection with the filing of the Debtors' cases under chapter 11.

The information set forth on this Schedule shall not constitute an admission of liability by, nor is binding on, the Debtors, and the failure to list a claim as contingent, disputed or subject to set-off shall not be a waiver of any of the Debtors' rights related hereto.

| Name of Creditor | Amount of Claim | Type of Collateral | Value of Collateral | Disputed |
|---|---|---|---|---|
| Remus HRH LLC<br>2200 Fletcher Avenue<br>Fort Lee, NJ 07024<br>Attn: Philip Mandelbaum<br>CFO | $9,966,254 in principal amount | Debtor's assets | $47,611,252[1] | No |

---

[1] The Debtors note that the bulk of the Debtors' collateral is in the form of accounts receivables, and much of the accounts receivables are disputed. Moreover, under Article 3A of the New York Lien Law, subcontractors are entitled to payment of their accounts payable upon the receipt by the Debtors of payments on account of jobs affecting such subcontractors. Accordingly, of the $47.6 million in the book value of the Debtors' assets, subcontractors are entitled to $27 million in accounts payable. In addition, approximately $8.3 million of the Debtors' assets are in the form of restricted cash on which Remus has a security interest, but only to the extent that the Debtors are entitled to the restricted cash. The Debtors estimate that the value of their collateral, less the $27 million in subcontractor payables and $8.3 million in restricted cash, is approximately $12.3 million.

## Schedule 3

**Assets and Liabilities of the Debtors**


**[SEE FOLLOWING PAGE]**

## HRH CONSTRUCTION LLC AND SUBSIDIARIES

## CONSOLIDATED BALANCE SHEETS

### 30-Jun-09

|  | Total |
|---|---|
| **ASSETS** |  |
| **Current assets** |  |
| Cash and cash equivalents | $ 831,311 |
| Cash - restricted (less loss reserve of $1,702,720) | 8,388,584 |
| Contract receivables (including retainages of $14,232,118 less allowance for doubtful accounts $1,785,000) | 29,271,755 |
| Costs and estimated earnings in excess of billings on uncompleted contracts | 7,499,381 |
| Precontract costs |  |
| Prepaid expenses and other current assets | 630,701 |
| Total current assets | 46,621,732 |
|  |  |
| Property and equipment - at cost, less accumulated depreciation and amortization | 989,625 |
|  |  |
| **Other assets** |  |
|  |  |
| Investments in and advances to joint venture |  |
| Deferred finance charge |  |
| Security deposits and other assets | (105) |
|  | (105) |
|  | $ 47,611,252 |
|  |  |
| **LIABILITIES AND MEMBERS' EQUITY** |  |
| **Current liabilities** |  |
| Accounts payable and accrued expenses (including retainages of $16,445,605) | 40,648,268 |
| Accrued Legal Settlement | 6,551,903 |
| Billings in excess of costs and estimated earnings on uncompleted contracts | 1,684,207 |
| Total current liabilities | 48,884,378 |
|  |  |
| Loans payable - related party (less current portion) | 9,966,254 |
|  |  |
| Commitments and contingencies |  |
|  |  |
| Members' equity | (11,239,380) |
|  | $ 47,611,252 |

## Schedule 4

### Debtors' Property Not in its Possession

Pursuant to Local Bankruptcy Rule 1007-2(a)(8), there is no known property of the Debtors that is in the possession or custody of any custodian, public officer, mortgagee, pledge, assignee of rents, secured creditor, or agent for such entity other than $369.632.32 held by the Sherriff's Office.  The cash held by the Sherriff's Office is property of the Debtors' estates and is being held by the Sherriff as a result of certain restraining notices and liens filed by the MTA in connection with the Judgment.

## Schedule 5

### List of Owned/Leased Premises

Pursuant to Local Bankruptcy Rule 1007-2(a)(9), listed below is the property or premises owned, leased or held under other arrangements by the Debtors from which the Debtors operate their business.

### Owned Property

The Debtors do not own any real property.

### Leased Property[2]

| Debtor | Lease Address | City | State | Zip Code | Country |
|--------|---------------|------|-------|----------|---------|
| HRH Construction LLC | 50 Main Street | White Plains | NY | 10606 | USA |
| HRH Construction LLC | 2 Park Avenue | New York | NY | 10016 | USA |
| HRH Construction LLC | 60 East 42nd Street | New York | NY | 10165 | USA |
| HRH Construction of New Jersey LLC | 111 Towne Square | Jersey City | NJ | 07310 | USA |

---

[2] The classification of the contractual agreements listed herein as real property leases or property held by other arrangements is not binding upon the Debtors.

## Schedule 6

### Location of Debtors' Books and Records

Pursuant to Local Bankruptcy Rule 1007-2(a)(10), the Debtors have books and records in is offices located at50 Main Street, White Plains, New York 10606.

### Location of Debtors' Substantial Assets

The Debtors' substantial assets consist of their receivables.

## Schedule 7

### Litigation

Pursuant to Local Bankruptcy Rule 1007-2(a)(11), the following is a list of the actions or proceedings, pending or threatened, against the Debtors or their property where a judgment against the Debtors or a seizure of their property may be imminent.  The Debtors intend to supplement this list in the near future when they have gathered information regarding additional litigation.

| Action or Proceeding | Nature of the Action | Status of the Action |
|---|---|---|
| First Sealord v. HRH (Index No. 1071521/2006) (New York County) | Dispute with bonding company with regard to a defaulted subcontract. | In discovery stage |
| First Sealord v. HRH (Index No. 15854/2006) (Kings County) | Dispute with bonding company with regard to a defaulted subcontract. | In discovery stage |
| GM Crocetti v. HRH (Index No. 07-10319) | Subcontractor sued HRH for funds claimed due. | Trial date scheduled. Case settled |
| Park Avenue Bldg. v. HRH/95 Wall (Index No. 1012351/2009) (New York County) | Claims against an owner by a subcontractor for sums due. | In discovery stage |
| Striker v. HRH (Index No. 00356/2008) (Westchester County) | Claims by subcontractor for sums owing by HRH. | Summary judgment motions submitted |
| Vass v. HRH/Riverdale Heights LLC (Index No. 3094901/2008) (New York County) | Claim by subcontractor for sums owing to it. | Answer filed |
| MTA v. HRH (Index No. 105468/2007) (New York County) | Breach of contract. | Judgment entered. In post-judgment discovery stage |
| Kass Industrial v. HRH/95 Wall (Index No. 101234/2009) (New York County) | Claim against an owner by a subcontractor for sums due. | In discovery stage |

| Case Caption | Claimant Name | Major Class | Latest Act. Date | Served Date | Plaintiff Attorney | Court |
|---|---|---|---|---|---|---|
| MCMULLAN V. HRH CONSTRUCTION | MCMULLAN ALASDAIR J | 013LIAB (O/T AUTO) PROP DMG | | 06/02/2006 | SHEINDLIN & SULLIVAN, LLP | NEW YORK,NY |
| PETE ALONGI VS H.R.AND H CONSTRUCTION | ALONGI PETER | 014WORKCOMP | | 09/15/1987 | HELLER, HOROWITZ & FEIT, P.C. | NEW YORK,NY MUNICIPAL COURT-ANY CITY, TOWN, VILL |
| GUARINO VS STARRETT STANISLAW WOLOSZ V HRH CONSTRUCTION | GUARINO JOSEPH | 014WORKCOMP | 09/20/2000 | 05/23/2001 | PRO SE | BRONX,NY TRIAL COURT OF GENERAL JURISDICTION |
| ASHRAF VS. STARRETT CORPORATION/ HRH | WOLOSZ STANISLAW | 014WORKCOMP | 09/06/2000 | 03/05/2001 | PRO SE | NEW YORK,NY TRIAL COURT OF GENERAL JURISDICTION |
| BARKLEY VS. HRH CONSTRUCTION, LLC | ASHRAF MUHAMMAD | 372REGULAR PRODS BODILY INJ | | 01/29/2002 | STUART H. FINKELSTEIN, ESQ. | KINGS,NY SUPREME COURT-KINGS COUNTY |
| ENGEL VS HRH CONSTRUCTION | BARKLEY HARRIET | 012LIAB (O/T AUTO) BODILY INJ | 09/06/2000 | 03/23/2006 | LEVER & STOLZENBERG | BRONX,NY |
| GIAMBI VS. HRH CONSTRUCTION CORPORATION | ENGEL WILLIAM | 012LIAB (O/T AUTO) BODILY INJ | | 10/27/2006 | SACKS & SACKS, LLC | NEW YORK,NY |
| KRISTEL GONZALEZ (INFANT) VS HRH CONST. | GIAMBI JASON | 013LIAB (O/T AUTO) PROP DMG | | 07/20/2009 | GWERTZMAN, LEFKOWITZ, BURMAN | NEW YORK,NY |
| ILLINOIS NATIONAL INSURANCE VS. EVEREST NATIONAL | GONZALEZ KRISTELL | 012LIAB (O/T AUTO) BODILY INJ | | 06/11/2007 | RICHARD M. KENNY | BRONX,NY |
| LEWIS KAYE VS HRH CONSTRUCTION | GUERRIERO JOHN | 012LIAB (O/T AUTO) BODILY INJ | | 02/08/2008 | HARRINGTON, OCKO & MONK | NEW YORK,NY |
| ILLINOIS NATIONAL INSURANCE VS. QBE INSURANCE | KAYE MARILYN *EK | 012LIAB (O/T AUTO) BODILY INJ | | 03/29/2007 | HOEY KING TOKER & EPSTEIN | NEW YORK,NY |
| PULCINO VS STARRETT CORP./HRH CONST. | MCMULLEN ALASDAIR | 013LIAB (O/T AUTO) PROP DMG | | 01/29/2009 | SHEINDLIN & SULLIVAN, LLP | NEW YORK,NY |
| VILLANEUVA VS. HRH CONSTRUCTION 9/1/88 INVESTMENTS VS STARRETT CORP | PULCINO JAMES | 012LIAB (O/T AUTO) BODILY INJ | | 04/10/2003 | BERGMAN, BERGMAN, GOLDBERG, LAMONSOFF, LLP | BRONX,NY SUPREME COURT-NEW YORK COUNTY |
| | VILLANEUVA MARTA | 012LIAB (O/T AUTO) BODILY INJ | 09/06/2000 | 02/15/2006 | TASSAN, PUGATCH, & NOKOLIS | NEW YORK,NY SUPREME COURT-NEW YORK COUNTY |
| | 9/1/88 INVESTMENTS LLC * | 373REGULAR PRODS PROP DMG | 06/15/2000 | 08/04/2003 | COZEN & O'CONNER | NEW YORK,NY SUPREME COURT-NEW YORK COUNTY |
| ZZZY COLLINS CHRISTOPHER VS HRH CONSTRUCTION CORPORATION | COLLINS CHRISTOPHER GRAND BEEKMAN CONDOMINIUM | 014WORKCOMP | | 08/14/2006 | CARUSO, SPILLANE, LEIGHTON, CONTRASTANO, ULANER & SAVINO | WESTCHESTER,NY |
| ILLINOIS NATIONAL INSURANCE VS. GREAT AMERICAN INSURANCE | | 373REGULAR PRODS PROP DMG | | 01/24/2006 | | |
| ST BARNABAS HOSPITAL VS STARRETT | LALLY SEAN *INE | 012LIAB (O/T AUTO) BODILY INJ | | 11/08/2007 | JONES, HIRSCH, CONNORS, BULL, PC | QUEENS,NY |
| | ST BARNABAS HOSPITAL | 373REGULAR PRODS PROP DMG | 12/22/1999 | 11/02/2001 | ROSENMAN COLIN | BRONX,NY SUPREME COURT-NEW YORK COUNTY |

| Case | Party | Type | Date 1 | Date 2 | Attorney | Location |
|---|---|---|---|---|---|---|
| CLEMENTE VS. HRH CONSTRUCTION CORPORATION | CLEMENTE RALPH | 012LIAB (O/T AUTO) BODILY INJ | | 03/13/2009 | ROBERT A CARDALI & ASSOCIATES LLP | KINGS,NY |
| COREY VS. HRH CONSTRUCTION | COREY RICHARD | 013LIAB (O/T AUTO) PROP DMG | | 01/16/2008 | TYLER COOPER & ALCORN, LLP | NEW YORK,NY |
| COREY VS. HRH CONSTRUCTION | COREY RICHARD | 013LIAB (O/T AUTO) PROP DMG | | 01/16/2008 | TYLER COOPER & ALCORN, LLP | NEW YORK,NY |
| COREY VS. HRH CONSTRUCTION | COREY RICHARD | 013LIAB (O/T AUTO) PROP DMG | | 01/16/2008 | TYLER COOPER & ALCORN, LLP | NEW YORK,NY |
| LABARCA VS. HRH CONSTRUCTION | LABARCA PERRY | 012LIAB (O/T AUTO) BODILY INJ | | 11/02/2007 | FINK & PLATZ | NEW YORK,NY |
| DENMAN VS. HRH CNSTRUCTION CORPORATION | DENMAN ROBERT | 012LIAB (O/T AUTO) BODILY INJ | | 08/13/2009 | O'CONNOR O'CONNOR HINTZ & DEVENEY | NEW YORK,NY |
| JAMES MCPHILOMY VS HRHR CONSTRUCTION CORP. | MCPHILOMY JAMES | 012LIAB (O/T AUTO) BODILY INJ | | 08/05/2009 | SCARCELLA LAW OFFICES | BRONX,NY |
| WILSON VS. HRH CONSTRUCTION CORPORATION | WILSON BRENT | 012LIAB (O/T AUTO) BODILY INJ | | 08/07/2009 | MILBER, MAKRIS, PLOUSADIS & SIEDEN, LLP | NASSAU,NY |
| ESPINO VS. STARRETT/HRH CONSTRUCTION | ESPINO LOUIS | 012LIAB (O/T AUTO) BODILY INJ | | 09/29/2003 | FELLOWS, HYMOWITZ & EPSTEIN, P.C. | NEW YORK,NY SUPREME COURT-NEW YORK COUNTY |
| ZZYY CLEMENTE RALPH VS HRH CONSTRUCTION CORPORATION | CLEMENTE RALPH | 014WORKCOMP | | 11/15/2006 | THE KLEIN LAW GROUP | NEW YORK,NY |
| HAESEKER VS STARETT HOUSING | HAESEKER ROBERT | 014WORKCOMP | 09/06/2000 | 06/17/2003 | BRECHER, FISHMAN, PASTERNACK, HELLER, WALSH & TILKER, P.C., | NEW YORK,NY TRIAL COURT OF GENERAL JURISDICTION |
| MCQUILLIN VS STARRET | MCQUILLIN THOMAS | 014WORKCOMP | 09/06/2000 | 11/05/2002 | BRECHER, FISHMAN, PASTERNACK, HELLER, WALSH & TILKER, P.C., | KINGS,NY TRIAL COURT OF GENERAL JURISDICTION |

| Claimant Name | Loss Date | Case # | Suit | LOCATION Desc | Plaintiff Counsel | Address | PC Contact |
|---|---|---|---|---|---|---|---|
| QUINTUNA VICTOR | 03/27/2007 | 142498 | Y | MINSKOFF | O'Dwyer and Berstein LLP | 52 Duane Street, New York NY 10007 | Brian O'Dwyer |
| WEDEMEYER JOSEPH | 04/05/2007 | 148300 | Y | MINSKOFF | Sacks & Sacks LLP | 150 Broadway, 4th Floor, New York, NY 10038 | Evan Sacks |
| BERMUDEZ VINCENT | 05/19/2008 | 249835 | N | 100 W 18th Street | Bader, Yakaitis and Nonnemacher | 350 Fifth Avenue, Suite 2710, New York, NY 10118 | John Nonnenmacher |
| NYACK LAKISHA | 07/27/2006 | 109232 | N | MINSKOFF | Popick, Rutman & Jaw, LLP | 41 Elizabeth Street, Suite 701, New York, NY 10013 | Brad Popick |
| ELIAS NELIDA | 10/31/2007 | 192112 | Y | 100 W 18th Street | Levine & Slavit | 60 East 42nd Street, Suite 1614, New York, NY 10165 | Ira Slavit |
| READ PEDRO | 11/21/2007 | 205529 | Y | MINSKOFF | Sacks & Sacks, LLP | 150 Broadway, 4th Floor, New York, NY 10038 | Evan Sacks |
| STOUTE NARENE | 01/18/2008 | 196368 | Y | MINSKOFF | Sacks & Sacks, LLP | 150 Broadway, 4th Floor, New York, NY 10038 | Evan Sacks |
| VECCHIO EDWARD | 01/29/2008 | 197593 | Y | MINSKOFF | Sacks & Sacks LLP | 150 Broadway, 4th Floor, New York, NY 10038 | Evan Sacks |
| GUZMAN ROMER | 06/16/2008 | 232031 | Y | MINSKOFF | Gorayeb & Associates, P.C. | 100 William Street, Suite 1205, New York, NY 10038 | Christopher Gorayeb |
| HEALY CHRISTOPHER | 06/21/2008 | 219754 | Y | MINSKOFF | Sacks & Sacks LLP | 150 Broadway, 4th Floor, New York, NY 10038 | Evan Sacks |
| HAMER MALCOLM | 11/06/2006 | 124137 | Y | MINSKOFF | Rosenberg Minc Falkoff & Wolff LLP | 122 East 42nd Street, 38th Floor, New York, NY 10168-0002 | Peter Rosenberg |
| LUCKETT RODNEY | 01/17/2007 | 131927 | Y | MINSKOFF | Sacks & Sacks LLP | 150 Broadway, 4th Floor, New York, NY 10038 | Evan Sacks |
| TOLEDO JAMES | 06/27/2007 | 159775 | Y | MINSKOFF | Sacks & Sacks LLP | 150 Broadway, 4th Floor, New York, NY 10038 | Evan Sacks |
| SOHAYEGH BURT | | 247275 | Y | MINSKOFF | | | |
| PELLE NOEL | 09/30/2008 | 696566 | N | MINSKOFF | N/A - No Legal Action - No Representation, No WCB Filing | | |
| LUCKETT RODNEY | 01/17/2007 | 435889 | Y | MINSKOFF | Polsky, Shouldice & Rosen PC | 100 No. Centre Ave., Suite 200 Rockville Centre, NY 11570 | Mr. Falconetti |
| CALVI EMMANUEL | 02/05/2007 | 578765 | Y | MINSKOFF | Pyrros & Serres LLP | 31-01 Broadway, Astoria, NY 11106 | Mr. Serres |

Page 1

| Name | Date | Number | Y/N | Street | Representation | Address | Attorney |
|---|---|---|---|---|---|---|---|
| WEDEMEYER JOSEPH | 04/05/2007 | 470887 | Y | MINSKOFF | Polsky, Shouldice & Rosen PC | 100 No. Centre Ave, Suite 200 Rockville Centre, NY 11570 | Mr. Rogers |
| STOUTE NARENE | 01/17/2008 | 590474 | Y | MINSKOFF | Polsky, Shouldice & Rosen PC | 100 No. Centre Ave, Suite 200 Rockville Centre, NY 11570 | Mr. Curtis/Mr. Rosen |
| ROSAS GEORGE | 03/05/2007 | 461898 | Y | MINSKOFF | Klee & Woolf LLC | 350 Willis Avenue, Mineola NY 11501 | Andrew B Woolf |
| CARROLL ANTHONY | 01/30/2007 | 440744 | Y | MINSKOFF | Robert Koenigsberg | 305 Broadway, Suite 800, New York, NY 10007-3617 | Robert Koenigsberg |
| VECCHIO EDWARD J | 01/29/2008 | 592085 | Y | MINSKOFF | Brecher, Fishman Pasternack Walsh Tilker & Ziegler | 233 Broadway, 8th Floor, New York, NY 10279-0815 | Jordan Ziegler |
| **CHAPMAN DAYTON** | **06/01/2007** | **492606** | **Y** | **MINSKOFF** | **Pro Se** | | |
| RIZZO FRANK | 12/13/2007 | 582795 | N | MINSKOFF | N/A - No Legal Action - No Representation, indexed a WCB, no hearings yet. | | |
| MONTALVO-SANCHEZ ANDRES | 12/18/2007 | 580540 | Y | 100 W 18TH ST | Pro Se - | Barriada Salazar Calle Sadaduria #1541, Ponce, Puerto Rico 00717 | Andres Montalvo-Sanches |
| TOLEDO JAMES | 06/27/2007 | 507296 | Y | MINSKOFF | Joseph Romano,Attorney at Law | 20 South Broadway, Yonkers NY 10701 | Joseph Romano |
| LANARO ANTHONY E | 11/09/2007 | 563713 | Y | MINSKOFF | Brecher, Fishman Pasternack | 233 Broadway, 8th Floor, New York, NY 10279-0815 | Jordan Ziegler |
| READ PEDRO | 11/21/2007 | 576921 | Y | MINSKOFF | Joseph Romano,Attorney at Law | 20 South Broadway, Yonkers NY 10701 | Joseph Romano |
| QUINTANA VICTOR | 03/27/2007 | 465439 | Y | MINSKOFF | Sher, Herman, Bellone & Tippograph PC | 277 Broadway, Suite 1107, New York, NY 10007 | Robert Bellone |
| HEALY CHRIS | 06/21/2008 | 657415 | Y | MINSKOFF | Polsky, Shouldice & Rosen PC | 100 No. Centre Ave., Suite 200 Rockville Centre, NY 11570 | |
| MENDES JOSE | 09/05/2006 | 118815 | Y | 700 GROVE ST | Law Office of Victor J. Horowitz | 1315 Stelton Rd. Suite 2, Piscataway, NJ 08854 | Victor Horowitz |
| JOHNSON DANIEL | 03/23/2006 | 309872 | Y | 700 GROVE ST | Law Offices of James C DeZao, P.C. | 322 Route 46 West, Suite 120, Parsippany, NJ 07054 | James C. DeZao |
| NORDQUIST MICHAEL | 01/25/2007 | 437561 | Y | 389 WASHINGTON ST | Amadeo & Miller | 1767 Kennedy Blvd., Jersey City, NJ 07305 | Nat Amadeo |
| NERGES JOHN | 05/16/2007 | 489711 | Y | 389 WASHINGTON ST | Lombardi & Lombardi PA | 1862 Oak Tree Road, Edison, NJ 08820 | Donald M. Stanzione |
| CAMPBELL GEORGE C | 06/28/2006 | 344745 | Y | 389 WASHINGTON ST | Allen & Hawkes | 601 Pavonia Avenue, Floor 2, Jersey City, NJ 07306-2922 | Timothy Hawkes |

| Name | Date | Number | | Property | Attorney | Address | Contact |
|---|---|---|---|---|---|---|---|
| LIPESKY STEVE | 09/29/2006 | 401616 | Y | 389 WASHINGTON ST | Pro Se | 801 Washington Street, Hoboken, NJ 07030 | Steve Lipesky? ??????? |
| SAMARELLI FRANCESCO | 11/03/2006 | 409259 | Y | 700 GROVE ST | Marciano & Topazio | | ??????? |
| GIECASZK ANTONY | 04/09/2007 | 524508 | Y | 389 WASHINGTON ST | Goldstein, Ballen, O'Rourke & Wildstein | Passaic Lawyers Bldg., One Howe Ave., Passaic, NJ 07055 | ??????? |
| MENDEZ JOSE | 09/05/2006 | 664701 | Y | 700 GROVE ST | Law Office of Victor J. Horowitz | 1315 Stelton Rd. PO Box 1325, Piscataway, NJ 08855-1325 | Victor Horowitz |
| VEGA ANTHONY | 01/11/2007 | 433627 | Y | 389 WASHINGTON ST | William Nunno, Esq. Kathleen Garvey Marotta & Garvey | 45 Essex Street, Hackensack NJ 07601 | William Nunno |
| PEPICELLI JOSEPH | 02/22/2006 | 284497 | Y | 700 GROVE ST | | | |
| MENDEZ JOSE | 09/05/2006 | 375837 | Y | 700 GROVE ST | Law Office of Victor J. Horowitz | 1315 Stelton Rd., PO Box 1325, Piscataway, NJ 08855-1325 | Victor Horowitz |
| One Beacon Insurance Co a/s/o Power Electric Co. v HRH et al. | 07/06/2006 | 262532 | Y | 700 GROVE ST | Segal & Burns PA | 71 North Main Street, Medford, NJ 08055 | Patrick W. O'Connor |
| | | | | | | | |
| 126 UNIVERSITY PLACE CONDOMINI | | 163256 | Y | Claremont Square | Gennet, Kallman, Antin & Robinson | | |

Page 3

| Claimant Name | | Accident Date | SUIT | Plaintiff Counsel | Plaintiff Counsel Address | P Counsel Contact |
|---|---|---|---|---|---|---|
| Ballato | Gary | 9/5/2008 | | | | |
| Bianco | Brian | 12/29/2008 | | | | |
| Breheny | Joseph | 10/16/2007 | | | | |
| Breheny | Joseph | 3/13/2008 | | | | |
| Brenner | Neil | 10/6/2008 | | | | |
| Ciardiello | Angelo | 8/5/2008 | | | | |
| Cox | Julian | 3/27/2008 | Y | Levine & Gilbert | 115 Christopher St., New York, N | Harvey Levine |
| Daniti | Patrick | 10/21/2008 | | | | |
| DeBorg | Dalila | 11/10/2008 | | | | |
| DiDomenico | James | 8/11/2008 | | | | |
| Driscoll | Robert | 5/13/2008 | | | | |
| Fraser | Oliver | 2/18/2008 | Y | Alpert & Kaufman LLP | 233 Broadway, Suite 707, New Y | Morton Alpert |
| Gambino | Sal | 10/15/2008 | | | | |
| Gonzalez | Emilio | 9/5/2008 | | | | |
| Haynes | Ronald | 3/16/2009 | | | | |
| Hunter | Kevin | 7/2/2007 | | | | |
| Hunter | Kevin | 11/9/2007 | | | | |
| Hunter | Kevin | 7/22/2008 | | | | |
| Jiminez | Franklin | 9/5/2008 | Rep Ltr | Dervishi Levine & Morgan Pl | 11 Broadway, Suite 615, New Yo | Duane Morgan |
| Litter | George | 8/12/2008 | Y | The Feld Law Firm PC | 150 Broadway, Suite 1703, New | David L. Feld |
| Loyola | Mario | 11/14/2008 | | | | |
| Madigan | James | 12/17/2007 | | | | |
| Mariano | Donato | 4/12/2008 | | | | |
| McCado | Glenn | 2/29/2008 | | | | |
| McCormack | Brian | 8/28/2008 | | | | |
| McCullough | Derek | 4/8/2008 | | | | |
| Mergel | Ted | 12/6/2007 | | | | |
| Mergel | Ted | 3/3/2008 | | | | |
| Noel | Kelvin | 1/26/2009 | | | | |
| Reyes | Jose | 5/6/2008 | | | | |
| Riccardi | Glenn | 12/31/2008 | | | | |
| Richards | Owen | 7/27/2007 | | | | |
| Santanello | Frank | 6/4/2007 | | | | |
| Santiago | Joseph | 1/13/2009 | | | | |
| Sapir | Yehuda | 9/25/2008 | | | | |
| Truiano | John | 8/1/2007 | | | | |
| Wimberly | Ricky | 6/9/2008 | | | | |
| Zysk | Andrzej | 9/4/2007 | | | | |

**636 11th Avenue**

| Claimant Name | | Accident Date | | | | |
|---|---|---|---|---|---|---|

| Claimant Name | | Accident Date | SUIT | Plaintiff Counsel | Plaintiff Counsel Address | P Counsel Contact |
|---|---|---|---|---|---|---|
| Bookstaver | William | 1/15/2009 | | | | |
| DiDomenico | James | 7/23/2008 | | | | |
| Guarino | Matt | 6/25/2008 | | | | |
| **Gutierrez** | **Lucio** | 12/14/2007 | Rep Ltr | Pena Kahn PLLC | 88-19 Roosevelt Ave., Jackson F | Steven Kahn |
| DePinto | Frank | 7/23/2008 | | | | |
| Turner | Terrence | 7/9/2008 | | | | |
| **Villegas** | **Luis** | 7/19/2008 | Y | Gorayeb & Associates PC | 100 William Street, Suite 1205, N | Christopher Gorayeb |
| Williams | Rick | 7/28/2008 | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

\* Claims reported directly to AIG and/or other Carrier by others (Katz?) no notice to HRH

**Accident/Lawsuits**

**79 Wall Street**

| Claimant Name | Accident Date | Aos Westchester Claim # | Gallagher Bassett Claim # | AIG WC Claim # | Sent to Aig Insurance | Acts Adjuster Name | Acts Adjuster Phone # | SUIT | Plaintiff Counsel | Plaintiff Counsel Address | P Counsel Contact | P Counsel Phone # | P Counsel Email | Defense Counsel | DC Contact | DC Telephone | DC Email |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Batista, Gary | | NOT REPORTED | 000079-000792-GB-01 | 700-688147 | 5/06/2008 | Michael Cotto | 800-580-5626 | | | | | | | | | | |
| Belanger, ? | | NOT REPORTED | 000079-000822-GB-01 | 700-130529 | 7/31/2008 | | | | | | | | | | | | |
| Brenan, Joseph | | NOT REPORTED | | 700-687197 | Requested | | | | | | | | | | | | |
| Brenner, Noel | | NOT REPORTED | | 700-131197 | N/A | | | | | | | | | | | | |
| | | | 000079-000625-GB-01 | N/A | 3/11/2008 | Marlee Stowe | 800-580-5626 | | Levine & Gilbert | 115 Christopher St., New York, NY 10014 | Harvey Levine | 212-645-5990 | | McMahon Martine & Gallagher LLP | William Gallagher | 212-747-1230 | wgallagher@... |
| Cox, Julian | | NOT REPORTED | 000079-000815-GB-01 | 700-687765 | 8/11/2008 | Marlee Stowe | 800-580-5626 | | | | | | | | | | |
| | | | 000079-000611-GB-01 | 700-130583 | 12/18/2008 | Morgan Carroll | 800-580-5626 | Y | | | | | | | | | |
| DeFiore, Patrick | | NOT REPORTED | 000079-000604 | N/A | 1/14/2008 | Morgan Carroll | 800-580-5626 | | | | | | | | | | |
| DiDomenico, James | | NOT REPORTED | 000079-000591 | N/A | 12/18/2008 | | | | | | | | | | | | |
| DiDomenico, Richard | | NOT REPORTED | | 700-687697 | 6/1/2008 | | | | | | | | | | | | |
| Frazer, Omar | | NOT REPORTED | 000079-000611 | 700-611507 | 5/29/2008 | Michael Cotto | 800-580-5626 | Y | Aigan & Kaufman LLP | 223 Broadway, Suite 707, New York, NY 10279 | Marlon Aigan | 212-509-3000 | | Anthony Demers & McManus | Sharon Kinsar | 646-556-0747 | skinser@... |
| | | | | 700-687741 | 10/31/2008 | Marlee Stowe | 800-580-5626 | | | | | | | | | | |
| | | | | 700-688443 | 11/20/2008 | Michael Cotto | 800-580-5626 | | | | | | | | | | |
| Hunter, Kevin | | NOT REPORTED | 000079-013644 | 700-29143 | 3/19/2008 | Michael Cotto | 800-580-5626 | | | | | | | | | | |
| | | | | 700-32944 | 7/24/2007 | Marlee Stowe | 800-580-5626 | | | | | | | | | | |
| Hunter, Kevin | | NOT REPORTED | | 700-687705 | 12/18/2007 | Marlee Stowe | 800-580-5626 | | | | | | | | | | |
| | | | 000079-000819-GB-01 | 700-687810 | 1/1/2008 | Michael Cotto | 800-580-5626 | | | | | | | | | | |
| Lindsey, Frankie | | NOT REPORTED | 000079-001780-GB-01 | 700-687806 | 9/8/2008 | Michael Cotto | 800-580-5626 | Rep LP | Gonzalez Levine & Morgan PC | 11 Broadway, Suite 615, New York, NY 10004 | Duane Morgan | 212-785-5115 | www.dlevinllaw.com | | | | |
| Lloyd, George | | NOT REPORTED | 000079-000591-GB-01 | 700-80909 | 8/7/2008 | Michael Cotto | 800-580-5626 | Rep LP | The Fritz Law Firm PC | 160 Broadway, Suite 1703, New York, NY 10038 | David L. Feld | 212-964-4100 | | | | | |
| Marx, ? | | NOT REPORTED | 000079-000604-GB-01 | 700-29143 | 11/20/2008 | | | | | | | | | | | | |
| Marino, James | | NOT REPORTED | 000079-000611-GB-01 | 700-131794 | Requested | | | | | | | | | | | | |
| McCormack, Sean | | NOT REPORTED | | 700-80908 | 8/7/2008 | Michael Cotto | 800-580-5626 | | | | | | | | | | |
| McCormack, Sean | | NOT REPORTED | | 700-80909 | 8/7/2008 | | | | | | | | | | | | |
| Mungin, Ted | | NOT REPORTED | | 700-131140 | 1/2/2008 | Marlee Stowe | 800-580-5626 | | | | | | | | | | |
| Munge, Ted | | NOT REPORTED | | 700-131146 | Requested | | | | | | | | | | | | |
| | | | | 700-131141 | 3/6/2008 | | | | | | | | | | | | |
| Kusiak, ? | | NOT REPORTED | 000079-000319-01407 | 700-60769 | 11/24/2008 | | | | | | | | | | | | |
| Rossetti, James | | NOT REPORTED | | 700-29143 | 6/26/2008 | Michael Cotto | 800-580-5626 | | | | | | | | | Ludig E. Brown | William Kelly | 212-832-3235 |
| Rossetti, Owen | | NOT REPORTED | 000079-000527-GB-01 | 700-29143 | 6/26/2008 | | | | | | | | | | | | |
| Santiago, Joseph | | NOT REPORTED | 000079-000799-GB-01 | 700-131411 | 8/27/2007 | | | | | | | | | | | | |
| Santiago, Joseph | | NOT REPORTED | 000079-000706-GB-01 | 700-230416 | 1/14/2008 | Michael Cotto | 800-580-5626 | | | | | | | | | | |
| Sarmiento, ? | | NOT REPORTED | 000079-000799-GB-01 | 700-131561 | Requested | | | | | | | | | | | | |
| Tralano, ? | | NOT REPORTED | | 700-131081 | 6/2/2008 | Marlee Stowe | 800-580-5626 | | | | | | | | | | |
| Tramell, ? | | NOT REPORTED | | N/A | 6/27/2008 | Iria Torres | 800-580-5626 | Y | | | | | | | | | |
| | | | | N/A | 8/7/2008 | | | | | | | | | | | | |
| Zook, ? | | NOT REPORTED | | 700-544847 | 9/6/2007 | | | | | | | | | | | | |

**538 11th Avenue**

| Claimant Name | Accident Date | Aos Westchester Claim # | Gallagher Bassett Claim # | AIG Insurance | Sent to Aig Insurance | | | | Plaintiff Counsel | Plaintiff Counsel Address | | P Counsel Phone # | | Defense Counsel | DC Contact | DC Telephone | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Bookstaver, William | 1/15/2008 | | 000079-000724-GB-01 | 700-131697 | 9/15/2008 | | | | Pesa Irwin PLLC | 86-59 Roosevelt Ave., Jackson Heights, NY 11372 | | Steven Cohn | 718-779-3061 | | | | |
| DiDomenico, James | | | 000079-000718-GB-01 | 700-687741 | 7/2/2008 | | | | | | | | | | | | |
| DiDomenico, Louis | 1/14/2007 | | | 700-687747 | 7/29/2009 | | | | | | | | | | | | |
| Gottermeyer, Louis | | | 000079-000289-WC-01 | N/A | 6/27/2008 | | | Rep LP | Gonyveh & Associates PC | 500 William Street, Suite 1205, New York NY 10038 | | Christopher Gonyveh | 212-267-5222 | | | | |
| Torner, ? | | | | 700-531868 | 7/29/2008 | | | | | | | | | | | | |
| Terrence, ? | 1/8/2008 | | 1227024307 | 700-131806 | 7/1/2008 | | | Y | | | | | | | | | |
| Williams, Rick | 7/29/2008 | | | 700-539755 | 12/9/2008 | | | | | | | | | | | | |

*Claims reported directly to AIG and/or other Carrier by others (Kedi?) No notice to NBH





**Schedule 8**

**Senior Management**

Pursuant to Local Bankruptcy Rule 1007-2(a)(12), the following is a list of individuals comprising the Debtors' existing senior management, describing their tenure and relevant responsibilities and experience.

| Name/Position | Experience/ Responsibilities |
| --- | --- |
| Brad Singer, President | Brad Singer is currently employed with HRH Construction as its President, and has held that position since February 2001. |
| Greg Cuneo, Chairman | Greg Cuneo is currently employed with HRH Construction as its Chairman, and has held that position since February 2001. |
| Frank Ross, Jr., Vice President – Field Operations | Frank Ross, Jr., is currently employed with HRH Construction as its Vice President, Field Operations, and has held that position since February 2001. |
| Janine Getler, General Counsel | Janine Getler is currently employed with HRH Construction as its General Counsel, and has held that position since January 2006. |
| Kevin Kane, Chief Financial Officer | Kevin Kane is currently employed with HRH Construction as its Chief Financial Officer, and has held that position since September 2007. |
| Lou Esposito, Vice President – Purchasing | Lou Esposito is currently employed with HRH Construction as its Vice President, Purchasing, and has held that position since February 2001. |
| Jim Muscianesi, Vice President – Estimating | Jim Muscianesi is currently employed with HRH Construction as its Vice President, Estimating, and has held that position since February 2001. |
| Joe Chan, Vice President Finance – Treasurer | Joe Chan is currently employed with HRH Construction as its Vice President Finance, Treasurer, and has held that position since December 2003. |

## Schedule 9

### Payroll

Pursuant to Local Bankruptcy Rule 1007-2(b)(1)-(2) (A) and (C), the following provides the Debtors' estimated bi-weekly payroll for employees (not including officers, directors and stockholders), and the estimated amount to be paid to officers, directors, stockholders, and financial and business consultants retained by the Debtors, for the thirty-day period following commencement of the Debtors' chapter 11 cases.

| | |
|---|---|
| **Payments to Employees (Not Including Officers, Directors and Stockholders)** | $211,997 |
| **Payments to Officers, Directors and Stockbrokers** | Officers: $160,050.00 Directors: $0 Stockholders: $0 |

## Schedule 10

**Cash Receipts and Disbursements,
Net Cash Gain or loss, Unpaid Obligations and Receivables**

Pursuant to Local Bankruptcy Rule 1007-2(b)(3), the following provides, for the thirty-day period following commencement of their chapter 11 cases, the Debtors' estimated cash receipts and disbursements, net cash gain or loss, and obligations and receivables expected to accrue that remain unpaid, other than professional fees.

**[SEE FOLLOWING PAGE]**

**HRH Construction LLC**
**Cash Flow - 13-Week Plan**

| Overall Summary | Beg. Cash Balance | 9/11/2009 | 9/18/2009 | 9/25/2009 | 10/2/2009 | 10/9/2009 | 10/16/2009 | 10/23/2009 | 10/30/2009 | 11/6/2009 | 11/13/2009 | 11/20/2009 | 11/27/2009 | 12/4/2009 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **INFLOWS:** | | | | | | | | | | | | | | |
| Receipts from Projects | | $284,653 | $816,854 | $302,389 | $111,258 | $308,211 | $668,419 | $197,154 | $0 | $295,760 | $574,251 | $195,000 | $94,168 | $201,591 |
| Return of Sheriff's Levy | | | | | $369,639 | | | | | | | | | |
| Total Cash Receipts | | $284,653 | $816,854 | $302,389 | $480,897 | $308,211 | $668,419 | $197,154 | $0 | $295,760 | $574,251 | $195,000 | $94,168 | $201,591 |
| **OUTFLOWS:** | | | | | | | | | | | | | | |
| Subcontractor Payments | | | $727,566 | $11,666 | | | $484,454 | | | | $484,454 | | | |
| Payroll Costs | | $211,997 | $7,986 | $211,997 | $7,986 | $211,997 | $7,986 | $211,997 | $7,986 | $211,997 | $7,986 | $211,997 | $7,986 | $211,997 |
| Employee Benefits | | $0 | $0 | $0 | $40,697 | $0 | $0 | $0 | $40,697 | $0 | $0 | $0 | $40,697 | $0 |
| Office Rent & Parking | | $67,878 | $0 | $0 | $67,878 | $0 | $0 | $0 | $0 | $67,878 | $0 | $0 | $0 | $67,878 |
| Company Insurance | | $64,442 | $0 | $0 | $53,718 | $9,285 | $1,439 | $0 | $0 | $53,718 | $9,285 | $0 | $0 | $53,718 |
| Communications Costs | | $3,044 | $6,300 | $1,149 | $1,583 | $1,565 | $6,300 | $1,149 | $0 | $2,898 | $1,550 | $6,149 | $0 | $1,583 |
| Office Equipment & Supplies | | $0 | $1,193 | $38,300 | $8,113 | $0 | $1,193 | $0 | $38,300 | $8,113 | $1,939 | $0 | $38,300 | $8,113 |
| Debt Service | | $0 | $145,000 | $0 | $0 | $0 | $145,000 | $0 | $0 | $0 | $0 | $145,000 | $0 | $0 |
| Professional Fees | | $0 | $0 | $0 | $0 | $0 | $0 | $25,000 | $0 | $0 | $0 | $0 | $0 | $0 |
| Total Cash Outflows | | $347,361 | $888,045 | $263,112 | $179,975 | $222,848 | $646,372 | $238,146 | $86,983 | $344,604 | $505,214 | $363,146 | $86,983 | $343,289 |
| Net Change In Cash Position | | ($62,707) | ($71,192) | $39,277 | $300,923 | $85,363 | $22,047 | ($40,992) | ($86,983) | ($48,845) | $69,036 | ($168,146) | $7,185 | ($141,698) |
| Cummulative Cash Balance | $209,887 | $147,179 | $75,988 | $115,264 | $416,187 | $501,550 | $523,597 | $482,605 | $395,622 | $346,777 | $415,813 | $247,667 | $254,852 | $113,154 |