TODTMAN, NACHAMIE, SPIZZ & JOHNS, P.C.
Proposed Attorneys for the Debtors and Debtors in Possession
425 Park Avenue
New York, New York 10022
(212) 754-9400
Alex Spizz, Esq.
Arthur Goldstein, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

In re                                           Chapter 11

HRH CONSTRUCTION LLC, et. al.,                  Case No. 09-23665 (RDD)

            Debtors.                            (Jointly Administered)

-------------------------------------------------------------X

### NOTICE OF PRESENTMENT OF ORDER AUTHORIZING AND GRANTING RETENTION AND EMPLOYMENT OF WASSERMAN GRUBIN & ROGERS, LLC, AS SPECIAL LITIGATION COUNSEL TO THE DEBTORS NUNC PRO TUNC TO THE PETITION DATE

PLEASE TAKE NOTICE, that on the **29th day of December, 2009** at **12:00 Noon** (the "Presentment Date"), HRH Construction LLC and HRH Construction of New Jersey LLC, the above-captioned Chapter 11 debtors and debtors-in-possession (the "Debtors"), shall present the annexed Order Authorizing and Granting Retention and Employment of Wasserman, Grubin & Rogers, LLC as Special Litigation Counsel to the Debtors Nunc Pro Tunc to the Petition Date (the "Proposed Order") for approval, to the Honorable Robert D. Drain, United States Bankruptcy Judge of the United States Bankruptcy Court for the Southern District of New York, at the Judge's chambers located at 300 Quarropas Street, White Plains, New York 10601.

251946 v1

**PLEASE TAKE FURTHER NOTICE**, that the attached Application, Declaration and Proposed Order seeking to be retained as special litigation counsel to the Debtors in the above case has been electronically filed with the Court.

**PLEASE TAKE FURTHER NOTICE**, that any objections to the Proposed Order or any requests for a hearing on the attached Application, shall (i) be filed with the Bankruptcy Court electronically in accordance with General Order M-182 (General Order M-182 and the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court), by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Microsoft Word, or any other Windows-based word processing format (with hard copy delivered directly to the Chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601), and (ii) be served in accordance with General Order M-182, upon (a) Todtman, Nachamie, Spizz & Johns, P.C., proposed attorneys for the Debtors, 425 Park Avenue, New York, New York 10022, Attn: Alex Spizz, Esq. and Arthur Goldstein, Esq.; (b) Wasserman Grubin & Rogers, LLP, proposed special litigation counsel for the Debtors, 1700 Broadway, New York, New York 10019, Attn: Michael T. Rogers, Esq.; (c) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, New York, New York 10004-2112, Attn.: Richard Morrissey, Esq.; and (d) counsel for the Official Committee of Unsecured Creditors, Tarter Krinsky & Drogin LLP, 1350 Broadway, 11th Floor, New York, New York 10018, Attn: Scott S. Markowitz, Esq., so as to be received on or before **December 29, 2009 at 11:00 A.M.** (New York time). If no written objections are

timely filed and served in accordance with this notice, the Proposed Order may be signed by the

Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE**, that in the event objections to the entry of the

Proposed Order are timely served and filed, the Court may schedule a hearing thereon.

Dated: New York, New York
      December 17, 2009

                                    TODTMAN, NACHAMIE, SPIZZ
                                        & JOHNS, P.C.
                                    Proposed Attorneys for the Debtors and
                                    Debtors in Possession


                                    By: s/ Arthur Goldstein
                                          Arthur Goldstein, Esq.
                                          425 Park Avenue
                                          New York, New York 10022
                                          (212) 754-9400

```
-----------------------------------------------------------x
In re                                      Chapter 11

HRH CONSTRUCTION LLC, *et al.*,            Case No. 09-23665 (RDD)

              Debtors.                     (Jointly Administered)
-----------------------------------------------------------x
```

**ORDER PURSUANT TO SECTIONS 327(e) AND 328(a) OF THE
BANKRUPTCY CODE, BANKRUPTCY RULE 2014(a) AND LOCAL RULE
2014-1, AUTHORIZING THE EMPLOYMENT AND RETENTION OF
WASSERMAN GRUBIN & ROGERS, LLP AS SPECIAL LITIGATION COUNSEL FOR
THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the Application[1] dated December 17, 2009 of HRH Construction LLC and

HRH Construction of New Jersey LLC (the "**Debtors**"), pursuant to sections 327(e) and 328(a)

of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1, for authorization to

employ and retain Wasserman Grubin & Rogers, LLP ("**WGR**") as special counsel to the

Debtors with respect to certain construction litigation issues, pursuant to the terms set forth in the

Application and the Engagement Letter and upon the Declaration of Michael T. Rogers, a

member of WGR filed in support of the Application and annexed as Exhibit B thereto (the

"**Rogers Declaration**"); and the Court being satisfied based on the representations made in the

Application and the Rogers Declaration, that WGR does not hold or represent any interest

adverse to the Debtors or their estates with respect to the matters upon which it is to be engaged

in these chapter 11 cases; and upon consideration of the Affidavit of Kevin Kane, pursuant to

Rule 1007-2 and the Local Bankruptcy Rules for the Southern District of New York (the "**Local

Rules**") filed on September 8, 2009 (the "Petition Date"); and the Court having jurisdiction to

consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334 and the

Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York any

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

251944 v1

and all proceedings under Title 11, dated July 10, 1984, (Ward, Acting C.J.); and consideration of the Application and the requested relief being a core proceeding the Bankruptcy Court can determine pursuant to 28 U.S.C. § 157(b) (2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application have been provided, and it appearing that no other or further notice need be provided; and the relief requested in the Application being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Application; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after clue deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is approved *nunc pro tunc* to the Petition Date and it is further

ORDERED that pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, the Debtors are hereby authorized to employ and retain WGR as special counsel with respect to the Special Counsel Matters in the Debtors' chapter 11 cases, as contemplated by the Application and on the terms provided in the Application and the Engagement Letter, and it is further

ORDERED that WGR shall be compensated for its services and reimbursed for any related expenses in accordance with WGR's normal hourly rates and disbursement policies as set forth in the Application (as adjusted from time to time) and WGR's application(s) for interim and final allowance of compensation and reimbursement of expenses, the Rogers Declaration and in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines and any other applicable orders of this Court, and it is further

ORDERED that WGR shall file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedure set forth in sections 330 and 331 of the Bankruptcy Code, any applicable Bankruptcy Rules, the Local Rules, the U.S. Trustee guidelines and any orders of this Court and it is further

ORDERED that to the extent that there may be any inconsistency between the terms of the Application and this Order, the terms of this Order shall govern; and it is further

ORDERED that the Debtors are authorized and empowered to take all action necessary to implement the relief granted in this Order; and it is further

ORDERED that this Court retains jurisdiction to hear and determine all matters arising from or related to the implementation and or interpretation of this Order.

Dated: December ___, 2009
         New York, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE