Lawrence. V. Gelber
James T. Bentley
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022
Telephone: (212) 756-2000
Facsimile: (212) 595-5955

Counsel for New York City District
Council of Carpenters Benefit Funds

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
In re:                                                      :
                                                            :     Chapter 11
                                                            :
HRH CONSTRUCTION LLC, *et al.*,                             :     Case No. 09-23665 (RDD)
                                                            :
                    Debtor.                                 :     Jointly Administered
---------------------------------------------------------- X

**MOTION OF NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS BENEFIT FUNDS FOR AN ORDER UNDER 11 U.S.C. §§ 503(b)(1)(A) AND 1113(f) DIRECTING DEBTOR TO (I) PAY PENSION AND WELFARE FUND CONTRIBUTIONS INCURRED POST-PETITION AND (II) REMAIN CURRENT IN PAYMENT OF FUTURE CONTRIBUTIONS**

The New York City District Council of Carpenters Benefit Funds ("Claimant") hereby moves ("Motion") for immediate payment of certain fringe benefit contributions due under the Building Construction Agreement, dated July 1, 2002, between the Contractors' Association of Greater New York, Inc. and The District Council of New York City and Vicinity, United Brotherhood of Carpenters and Joiners of America (the "Union") (the "Collective Bargaining Agreement"),[1] and an order instructing HRH Construction LLC, debtor and debtor-in-possession

---

[1] HRH Construction LLC is a member of the Contractors' Association of Greater New York, Inc. and, accordingly, bound by the terms of the Collective Bargaining Agreement. Claimant is an intended third-party beneficiary of the Collective Bargaining Agreement, a copy of which is attached hereto as Exhibit A.

1

(the "Debtor") to remain current in its payment of future contributions to Claimant, and represents as follows:

**Summary**

1. Since September 6, 2009 (the "Filing Date"), the Debtor has failed to pay fringe benefits due under the Collective Bargaining Agreement resulting in delinquencies of not less than $61,551.44 as of June 27, 2010 (the "Post-Petition Claim"), as determined by (a) an audit of the Debtor's books and records, conducted for the period from September 6, 2009 through April 11, 2010 (the "Audit"), by the independent auditing firm Schulteis and Panettieri, LLP ("Schulteis"),[2] and (b) benefit shortages reported by the Debtor to Claimant for the period from the week ending September 27, 2009 through the week ending June 27, 2010. The Union member who worked for the Debtor post-petition did so with the expectation that he would receive his contractually negotiated wages and fringe benefits. Work performed by this Union member was critical to the Debtor's ability to complete jobs and provided substantial benefit to the estate and thus, the Post-Petition Claim constitutes an administrative expense claim.

2. The Post-Petition Claim should be paid immediately. The Bankruptcy Code does not permit the Debtor to unilaterally pick and choose those provisions of the Collective Bargaining Agreement with which it will comply. Rather, the Bankruptcy Code requires debtors to comply with *all* provisions of a collective bargaining agreement subject to specific rejection or modification procedures contained in Bankruptcy Code section 1113. Here, the Debtor has not sought to modify or reject the Collective Bargaining Agreement, and thus, must timely comply with all of its provisions, including the payment of fringe benefits.

---

[2] A copy of the Audit is attached as Exhibit B. A copy of a spreadsheet detailing the reported benefit shortages is attached as Exhibit C.

3. Claimant informed the Debtor of the Post-Petition Audit results on June 16, 2010. On or about July 7, 2010, the Debtor approached Claimant about entering into a payment plan with respect to the Post-Petition Claim. On July 7, 2010, the Debtor faxed to Claimant a signed statement reporting its calculation of its unpaid benefit hours since the Filing Date.[3] Since that date, the Debtor has not disputed or otherwise discussed the Post-Petition Claim with Claimant, and the Debtor and Claimant never entered into a payment plan. If the Debtor does, however, dispute the amount of the Post-Petition Claim, this Court should order that dispute to be arbitrated under the terms of the Collective Bargaining Agreement. Absent any such dispute, the Court should order the Debtor to pay immediately the Post-Petition Claim.

**Jurisdiction And Venue**

4. The Court has jurisdiction over this Motion, which is a core proceeding under 28 U.S.C. § l57(b)(2), pursuant to 28 U.S.C. § 1334(b). Venue of this Motion is proper in this district under 28 U.S.C. § 1409(a).

**Background**

5. Under the Collective Bargaining Agreement, the Debtor agreed to make contributions to various fringe benefit funds on behalf of all of its covered employees. *See* Collective Bargaining Agreement, Article XVI, Section 3, p. 29. The benefit funds are managed by Claimant's trustees.

6. The Debtor also agreed that, if formal proceedings ever were instituted to collect delinquent contributions owed to Claimant, the Debtor would pay to Claimant, among other things, (a) the unpaid contributions, (b) an amount equal to the greater of (i) interest on the unpaid contributions determined at Citibank's prime rate plus 2%, or (ii) liquidated damages of

---

[3] A copy of the Debtor's reported benefit shortages is attached as <u>Exhibit D</u>. Claimant notes that the Debtor reported seven additional unpaid hours that the independent auditor did not discover.

20% of the amount of the unpaid contributions; and (c) reasonable attorneys' fees and costs. *See* Collective Bargaining Agreement, Article XVI, Section 6, .p. 30-31

7. On the Filing Date, the Debtor filed a voluntary petition for relief under Chapter 11. The Debtor continues in the management and operation of its business and property pursuant to sections 1107 and 1108 of the Bankruptcy Code.

8. The Debtor scheduled Claimant as the holder of a disputed, unsecured priority claim in the amount of $17,759.90. *See* Debtors' Schedule E (D.E. 108) filed October 29, 2009. Claimant timely filed a proof of claim on December 17, 2009, Claim No. 69.

### The Debtor Has Breached The Collective Bargaining Agreement During The Post-Petition Period

9. Since the Petition Date, the Debtor has breached its obligations to Claimant under the Collective Bargaining Agreement. Although the Union has continued to provide post-petition labor and services to the Debtor pursuant to the terms of Collective Bargaining Agreement, the Debtor has failed to remit to Claimant all required benefit payments arising on account of or in connection with the labor provided.

10. Under the Collective Bargaining Agreement, the Debtor agreed to permit independent auditors to review its books and records and, accordingly, Schulteis, conducted the Audit. As detailed in the Audit report, Schulteis found that the Debtor owes the Post-Petition Claim to Claimant.

11. On June 16, 2010, the Audit was mailed to the Debtor. The Debtor has not disputed the amounts set forth in the Audit as due and owing. On July 7, 2010, the Debtor faxed to Claimant a signed statement admitting the number of unpaid benefit hours since the Filing Date through the week ending June 27, 2010. Claimant expects that additional amounts have accrued since June 27, 2010, but is unable to quantify such amounts until its auditors have

4

completed a further audit of the Debtor's books and records. Claimant thus reserves the right to amend and supplement the Post-Petition Claim and/or to specify (and quantify) costs, expenses, and other charges or claims incurred by the Debtor or owed to Claimant with respect to the Post-Petition Claim.

### Post Petition Claim Is Entitled To Administrative Expense Claim Status

12. Section 503(b)(1)(A) provides that the actual and necessary costs and expenses of preserving the estate are afforded administrative expense priority. 11 U.S.C. § 503. Claims that arise out of a transaction occurring after a bankruptcy petition is filed are entitled to administrative expense priority if "the consideration supporting the claimant's right to payment was both supplied to and beneficial to the debtor-in-possession in the operation of the business." *See Trustees of the Amalgamated Ins. Fund v. McFarlin's, Inc.*, 789 F.2d 98, 101 (2d Cir. 1986)(internal quotation marks omitted).

13. Here, the Post-Petition Claim for fringe benefit arises from services provided to the Debtor by a Union member after the Filing Date. The Union member performed these services with the reasonable expectation that he would be compensated pursuant to his collectively bargained contract with the Debtor. Work performed by this Union member provided substantial benefit to the estate and thus, the Post-Petition Claim constitutes an administrative expense claim.

### The Debtor Has Not Complied With 11 U.S.C. § 1113

14. In order to modify the terms of a collective bargaining agreement, a debtor-in-possession must make a proposal to the union that (a) provides the "necessary modifications in the employees benefits and protections that are necessary to permit the reorganization of the debtor," (b) provides the union with relevant information as is necessary to evaluate the proposal,

5

and (c) meet with the union and confer in good faith. 11 U.S.C. § 1113. Here, the Debtor has made no proposal to modify the Collective Bargaining Agreement.

15. Under Bankruptcy Code section 1113, the Collective Bargaining Agreement is enforceable in accordance with its terms against the Debtor prior to compliance with the provisions of section 1113, except to the extent that this Court has granted or grants interim relief pursuant to section 1113(e). 11 U.S.C. § 1113(e). Here, the Court has not granted any such interim relief with respect to the Collective Bargaining Agreement. Further, section 1113(f) provides that "no provision of [the Bankruptcy Code] shall be construed to permit a trustee to unilaterally terminate or alter any provisions of a collective bargaining agreement prior to compliance with the provisions of this section." 11 U.S.C. § 1113(f); *see also In re Ionosphere Clubs, Inc.*, 22 F.3d 403, 406 (2d Cir. 1994).

16. The Debtor's failure to make post-petition payments to the Claimant as required under the Collective Bargaining Agreement constitutes an impermissible unilateral modification to the agreement. *See* 11 U.S.C. § 1113; *see also In re 1655 Broadway Restaurant Corp.*, 1997 U.S. Dist. LEXIS 2479 (S.D.N.Y. Mar. 5, 1997) (held, debtor's failure to make post-petition payments to benefit funds absent modification to, or rejection of, collective bargaining agreement under section 1113 was impermissible unilateral modification; debtor required to make timely payments to benefit funds) (citations omitted).

17. Because the Debtor has not sought authority to modify or reject the Collective Bargaining Agreement, the Debtor remains bound by its terms. Those terms require the Debtor to make timely fringe benefit payments to Claimant. Thus, the Court should order the Debtor to immediately pay the Post-Petition Claim to Claimant.

**The Debtor Must Arbitrate Any Disagreement Regarding the Audit Report**

18. The Debtor agreed to arbitrate disputes arising from audits of its books and records. Article XII, Section 7 of the Collective Bargaining Agreement, provides, among other things, that:

> <u>Should any dispute or disagreement arise between the parties hereto…concerning any claim arising from payments to [Claimant] of principal and/or interest which is allegedly due</u>, either party may seek arbitration of the dispute before the impartial arbitrator designated hereunder by filing a notice of intent to arbitrate in writing with said impartial arbitrator, and serving a copy of said notice on the Association, or the Union, as the case may be…<u>The arbitrator shall have full and complete authority to decide any and all issues raised by the submission and to fashion an appropriate remedy including, but not limited to, monetary damages.</u> The arbitrator's award in this regard shall be final and binding upon the parties hereto and the individual employer, if any, and shall be wholly enforceable in any court of competent jurisdiction. The cost of the arbitration, including the fees to be paid to the arbitrator shall be included in the award and shall be borne by the losing party.

*See* Collective Bargaining Agreement, Article XII, Section 7, p. 31 (emphasis added).

19. The contractual duty to arbitrate under a collective bargaining agreement survives a bankruptcy filing. 11 U.S.C. § 1113 ("no provision of [the Bankruptcy Code] shall be construed to permit a trustee to unilaterally terminate or alter any provisions of a collective bargaining agreement prior to compliance with the provisions of this section.") Because the Collective Bargaining Agreement remains in force, the arbitration provision must be given effect. *See e.g.*, *Shugrue v. Air Line Pilots Assoc., Int'l (In re Ionosphere)*, 922 F.2d 984 (2d Cir. 1990) (<u>held</u> "an arbitration brought pursuant to a provision in a collective bargaining agreement is not subject to the automatic stay since its application would allow a debtor unilaterally to avoid its obligation to arbitrate"); *see also In re Bethlehem Steel Corp.*, 390 B.R. 784, 793-94 (Bankr. S.D.N.Y. 2008) ("The party opposing arbitration carries the burden of proving that a

7

valid arbitration provision in a contract should not be enforced." (citing *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 226-27 (1987))).

20. Thus, if the Debtor does dispute any aspect of the Post-Petition Claim, this Court should order that the matter be decided by an arbitrator pursuant to the terms of the Collective Bargaining Agreement.

**Memorandum Of Law**

21. The authorities relied upon by Claimant are set forth herein. Accordingly, Claimant requests that the Court waive the L.B.R. 9013-1(b) requirement for the filing of a separate supporting memorandum of law.

## Conclusion

WHEREFORE, Claimant requests entry of an order substantially in the form attached hereto as <u>Exhibit E</u>: (i) authorizing and directing immediate payment to Claimant of the Post-Petition Claim; (ii) directing the Debtor to remain current on its payment of future contributions to Claimant consistent with the terms of the Collective Bargaining Agreement; (iii) awarding, and directing payment of, Claimant's attorney's fees and costs incurred in connection with prosecution of this Motion; and (iv) granting Claimant such other and further relief as is just and appropriate.

Dated:  October 22, 2010
        New York, New York

    SCHULTE ROTH & ZABEL LLP
    Counsel for New York City District Council of
    Carpenters Benefit Funds


    By: /s/ Lawrence V. Gelber
    Lawrence V. Gelber
    (A Member of the Firm)
    James T. Bentley
    919 Third Avenue
    New York, New York 10022
    (212) 756-2000