UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re:                                                              Chapter 7

HRH CONSTRUCTION LLC, *et al.*,                                     Case No.: 09-23665 (RDD)
                                                                    (Jointly Administered)
                    Debtor.
------------------------------------------------------------------x

**STIPULATION AND AGREED ORDER GRANTING CLAIMANT
PARTIAL RELIEF FROM THE AUTOMATIC STAY TO CONTINUE AN
ACTION AGAINST THIRD PARTY INSURANCE PROCEEDS**

This Stipulation and Agreed Order (this "**Stipulation**") is entered into by and between Marianne T. O'Toole, the chapter 7 trustee (the "**Trustee**") of HRH Construction LLC, *et al.* (collectively, the "**Debtors**"), and 700 Grove Street Condominium Association, Inc., (the "**Claimant**")[1], by and through their respective undersigned counsel, granting partial relief from the automatic stay to continue an action against third party insurance proceeds.

**WHEREAS**, on September 6, 2009, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and

**WHEREAS**, on or about April 7, 2011, these cases were converted to cases under chapter 7 of the Bankruptcy Code and Marianne T. O'Toole was appointed as the chapter 7 trustee of the Debtors' cases; and

**WHEREAS**, on June 2, 2014, the Claimant filed a complaint (the "**Complaint**") in the United States District Court for the District of New Jersey entitled *700 Grove Street Condominium Association, Inc. v. Selective Insurance Company of America,* 14-cv-03501-SRC-CLW (the "**Construction Litigation**") against the developer, architects, engineers, contractors and other professionals responsible for the design and construction of a residential condominium development known as 700 Grove Street Condominium (the "**Condominium**"), alleging deficiencies in the design and construction thereof; and

---

[1] Nothing contained herein is intended to be or should be construed as an admission of any fact, claim, right or defense that any of the Debtors may have with respect to the allegations related to the Claimant and all such rights, claims and defenses are hereby expressly reserved.

**WHEREAS**, on June 24, 2016, the Claimant filed a Second Amended Complaint in the Construction Litigation, naming HRH Construction, LLC ("**HRH**"), one of the Debtors, as a defendant alleging that HRH breached its duty to exercise reasonable care in its work resulting in construction defects in the Condominium, which has damaged the Claimant (the "**Alleged Damage**"); and

**WHEREAS**, on May 3, 2018, the Construction Litigation was moved to the Superior Court of New Jersey, Law Division, Hudson County, under Docket No. HUD-L-1724-18; and

**WHEREAS**, upon commencement of the Debtors' bankruptcy cases, the automatic stay came into effect prohibiting the Claimant from pursuing the Construction Litigation to recovery on account of the Alleged Damage; and

**WHEREAS**, upon information and belief, at the time of the Alleged Damage, the Debtors were covered under an insurance policy issued by American Home Assurance Company, policy number 001979902, and may have other applicable insurance coverage with respect to its work at Condominium (collectively the "**Insurance Policies**"); and

**NOW, THEREFORE**, it is hereby stipulated and agreed by each of the parties to this Stipulation, by their respective Counsel, which Stipulation when "so ordered" by a United States Bankruptcy Judge shall constitute an order and judgment of this Court with respect to the subject matter hereof as follows:

1.    The automatic stay arising pursuant to Section 362 of the Bankruptcy Code shall be modified for the sole purpose of permitting the Claimant to continue the Construction Litigation to assert claims for the Alleged Damage; <u>provided</u>, <u>however</u>, that any recovery by the Claimant pursuant to the Construction Litigation, including costs, if any, and all recovery of punitive damages, if any, shall be limited solely to the proceeds available under the Insurance Policies. This provision shall not however prohibit the Claimant from recovery against any of the other defendants to the Construction Litigation.

2. Other than as set forth in paragraph 1 hereof all protections afforded by Section 362 of the Bankruptcy Code shall remain in full force and effect.

3. Neither this Stipulation, nor any actions taken pursuant hereto, shall constitute evidence admissible against the parties in any action as defined in Bankruptcy Rule 9002(1) other than one to enforce the terms of this Stipulation, including the Construction Litigation.

4. The Claimant shall not enforce any judgment that the Claimant may receive as a result of the Construction Litigation by reason of the Alleged Damage or otherwise, including but not limited to, damages, punitive damages and costs, against the assets of the Debtors and their present or former parent companies, subsidiaries, divisions, affiliates, predecessors, successors, assigns, principals, officers, directors, employees, agents, servants and attorneys, and their respective representatives, heirs, executors, personal representatives, administrators and assigns, and any and all persons, natural or corporate, in privity with them or acting in concert with them, except to the extent of proceeds available under the Insurance Policies.

5. The Claimant shall not file any claims against any of the Debtors' estates in connection with the Alleged Damage. In the event that the Debtors have scheduled, or the Claimant has filed, a claim against any of the Debtors' estates, such claims (scheduled and/or filed) shall be deemed expunged without the need for any further action by the parties or order of the Bankruptcy Court.

6. Further, the Claimant hereby waives any claim against the Debtors to the extent of any deductible or other payment that may otherwise be required by the Debtors or from funds on deposit by HRH with Chartis Insurance pursuant to the terms of the Insurance Policies, or any Contractor Controlled Insurance Program or wrap up program of which the Insurance Policies may be part.

7. This Stipulation may be executed in one or more counterparts, each of which is deemed an original, together constituting one and the same document. Facsimile signatures and signatures in portable document format (.pdf) are deemed originals for purposes of this Stipulation.

Pg 4 of 4

8. This Stipulation may not be altered, modified, or changed unless in writing, signed by the Parties or their counsel.

9. The person executing this Stipulation warrants and represents that she or he is authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

10. The Bankruptcy Court shall retain jurisdiction to interpret, enforce and resolve any disputes arising under or related to this Stipulation.

Dated: Jericho, New York
      May __, 2018

**SILVERMANACAMPORA LLP**
Attorneys for Marianne T. O'Toole,
the Chapter 7 Trustee

By: _____
      Justin S. Krell, Esq.
Counsel to the Firm
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300

Dated: Morristown, New Jersey
      May __, 2018

**BECKER & POLIAKOFF LLP**
Attorneys for 700 Grove Street
  Condominium Association, Inc.

By: _____
      Martin C. Cabalar, Esq.
1776 on the Green, 67 Park Place East, Suite 702
Morristown, New Jersey 07960
(973) 898-6502

SO ORDERED BY THE COURT THIS
16th DAY OF May, 2018

/s/Robert D. Drain
Honorable Robert D. Drain
United States Bankruptcy Judge